**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KATHY J. COURTNEY,<br>Appellant, | DOCKET NUMBER<br>DC-3443-19-0773-I-1 |
| v. | |
| EQUAL EMPLOYMENT<br>    OPPORTUNITY COMMISSION,<br>Agency. | DATE: May 30, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathy J. Courtney, Raleigh, North Carolina, pro se.

Anabia Hasan and Yolanda Bruce, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal with prejudice following her withdrawal of the appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

## BACKGROUND

On August 22, 2019, the appellant filed an appeal with the Board indicating, among other things, that she had filed an equal employment opportunity (EEO) complaint with the agency on May 29, 2018, but had yet to receive a response. Initial Appeal File (IAF), Tab 1 at 5. With her appeal, the appellant provided a copy of a July 23, 2019 notice of proposed removal wherein the agency proposed to remove her from her position as a GS-12 Equal Opportunity Investigator on the basis of misconduct for absence without leave (AWOL). *Id.* at 7-15. She also provided a copy of an August 16, 2019 complaint addressed to the agency's Office of the Inspector General wherein she had alleged, among other things, that the agency's proposed removal was in reprisal for her disclosure that the agency was failing to meet assistive technology industry standards. *Id.* at 53-54. The appellant requested a hearing on the matter. *Id.* at 2.

---

[2] In her initial decision, the administrative judge stated that the Board had jurisdiction over this matter pursuant to 5 U.S.C. chapter 75; however, because we find that the appellant withdrew her appeal, the Board need not make a finding on jurisdiction. Initial Appeal File, Tab 12, Initial Decision at 1.

The administrative judge issued an acknowledgment order explaining that it appeared that the Board lacked jurisdiction over the matter, and she ordered the appellant and the agency to file evidence and argument regarding jurisdiction. IAF, Tab 2 at 2-5. The administrative judge further explained that, if the appellant lacked the requisite evidence and argument necessary to establish Board jurisdiction, she could elect to withdraw her appeal; however, any such withdrawal would be an act of finality that would remove the appeal from the Board's jurisdiction. *Id.* at 5-6. The appellant did not timely respond to this order. The agency responded, contending that the appellant's proposed removal was not an appealable action and, to the extent the appellant sought to file an individual right of action appeal, she had failed to meet the jurisdictional requirement that she first exhaust her remedies with the Office of Special Counsel (OSC).[3] IAF, Tab 6 at 4-5.

Thereafter, the appellant filed a motion to withdraw her Board appeal, explaining that she wished to instead proceed with a whistleblower complaint. IAF, Tab 7 at 6-7. In response, the administrative judge issued a notice denying the appellant's request to withdraw because the request was not clear and unequivocal. IAF, Tab 8 at 1-2. The administrative judge again explained that the withdrawal of an appeal is an act of finality that removes an appeal from the Board's jurisdiction, and she advised the appellant that she could refile her withdrawal request. *Id.* Thereafter, the appellant thrice filed an additional motion to withdraw her Board appeal. IAF, Tab 9 at 5, Tab 10 at 5, Tab 11 at 5.

---

[3] The appellant indicated on her initial appeal form that she had filed a whistleblowing complaint with OSC on August 16, 2019. IAF, Tab 1 at 4. However, the record does not contain any evidence that she initiated any matter with that independent agency, which, among other things, investigates complaints of whistleblower reprisal against Federal employees. IAF, Tab 8 at 2-3; *see* 5 U.S.C. § 1214. The appellant has submitted correspondence dated August 16, 2019, which she apparently considers to be her whistleblower complaint, but that correspondence is addressed to the Equal Employment Opportunity Commission's Office of the Inspector General. IAF, Tab 1 at 53-54, Tab 7 at 9-10.

On October 1, 2019, the administrative judge issued an initial decision dismissing the matter with prejudice. IAF, Tab 12, Initial Decision (ID) at 1-2.

The appellant has filed a petition for review, the agency has responded in opposition, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 3, 6, 8. In her petition and reply, the appellant alleges the following: (1) a clarification from her ophthalmologist made her realize that she had misread prior Board filings; (2) she became aware of two affidavits written by agency employees that evinced an "inclination to cover the truth"; and (3) had she known that the agency was represented by a particular agency attorney she would have hired legal counsel. PFR File, Tab 1 at 10-14, Tab 8 at 4-5. The appellant also provides, for the first time, the two subject affidavits as well as medical records both predating and postdating the initial decision. PFR File, Tab 3 at 11-29, 31-57, 59-76. With her reply, the appellant also provides a copy of the agency's December 2, 2019 notice of final decision removing her from her position on the basis of misconduct for continued AWOL.[4] PFR File, Tab 8 at 7-14.

## DISCUSSION OF ARGUMENTS ON REVIEW

Generally, the withdrawal of an appeal is an act of finality that has the effect of removing the appeal from the Board's jurisdiction. *See Gibson-Michaels v. Federal Deposit Insurance Corporation*, 111 M.S.P.R. 607, ¶ 16 (2009). Absent unusual circumstances, such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn. *Id.* However, a relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action. *Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 7 (2007).

---

[4] On February 26, 2020, the Office of the Clerk of the Board referred this filing to the Washington Regional Office as a potential new appeal. PFR File, Tab 12 at 1.

<u>The appellant's contention regarding her October 23, 2019 ophthalmological diagnosis is unavailing.</u>

The appellant contends that an October 23, 2019 clarification from her ophthalmologist that her ocular disease "is typical of that seen in diabetics made [her] realize that [her] successive readings" of prior Board filings had been incorrect. PFR File, Tab 1 at 11. She avers that she thought her withdrawal "would be set aside" until she had either exhausted the whistleblower process or received a decision on the notice of proposed removal. *Id.*

The appellant's contention does not warrant reinstating her appeal. Here, the administrative judge twice explained the preclusive effect of withdrawing a Board appeal, and the appellant nonetheless explicitly requested to withdraw her appeal. IAF, Tab 2 at 5-6, Tab 7 at 6-7, Tab 8 at 1-2, Tab 9 at 5, Tab 10 at 5, Tab 11 at 5; *see Conde v. Department of the Army*, 86 M.S.P.R. 226, ¶ 5 n.1 (2000) (finding unavailing the appellant's assertion that he did not understand that his withdrawal was with prejudice when the administrative judge had repeatedly informed him as much). To the extent the appellant had difficulty reading or understanding the administrative judge's two orders regarding the preclusive effect of withdrawal, she could have raised this issue with the administrative judge or sought clarity on the issue; however, she did not. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). To the extent she contends that she could not have raised this issue before the administrative judge because she was unaware of her visual impairment or her reading difficulties until her October 23, 2019 ophthalmological appointment, we find her contention unavailing insofar as the corresponding October 23, 2019 medical record that she provides describes her vision as "stable" and notes "no changes" since her previous ophthalmological appointment. PFR File, Tab 3 at 11.

The appellant's assertions regarding untruthful affidavits do not warrant reinstating her appeal.

The appellant alleges that, following the issuance of the initial decision, she became aware of two untruthful affidavits written by agency employees. PFR File, Tab 1 at 10, 13-14, Tab 3 at 31-57, 59-76. She avers that, had she been aware of these affidavits earlier, she "would not have considered withdrawal of [her] MSPB [a]ppeal for any reason." PFR File, Tab 1 at 14. We find this assertion unavailing. The affidavits postdate the initial decision, and thus are new evidence. The appellant has not shown how these affidavits are material to either her underlying case or her decision to withdraw her appeal. We note as well that at the time she withdrew her appeal, the appellant had not yet received the EEO Report of Investigation, and could have waited until such evidence was produced before deciding to withdraw. IAF, Tab 1, at 18. In addition, although the appellant challenges the veracity of the affidavits and questions the motives of the affiants as related to her claims of disability discrimination and reprisal, PFR File, Tab 1 at 10, 13-14, she does not allege, nor do the affidavits suggest, that the agency misled her with regards to the withdrawal of her appeal or otherwise improperly caused her to withdraw her appeal, *see Gibson-Michaels*, 111 M.S.P.R. 607, ¶ 16.

The appellant's assertion regarding the involvement of an agency attorney is unclear and unavailing.

Lastly, the appellant avers that she did not realize that a particular agency attorney was involved with her appeal until she received the initial decision and his name was included in the case caption. PFR File, Tab 1 at 10-11; ID at 1. She asserts that, had she known of his involvement sooner, she "would have, without doubt, hired an attorney as well." PFR File, Tab 1 at 11. We find this assertion unavailing.

Here, the appellant provides no explanation as to how she was harmed by the involvement of this particular attorney or why prior knowledge of his

involvement would have prompted her to engage legal counsel. To the extent she argues that the agency was unjustly advantaged because it was represented by a licensed attorney whereas she was not, we find her contention unavailing. *See Walton v. Tennessee Valley Authority*, 48 M.S.P.R. 462, 469 (1991) (finding unavailing an appellant's suggestion that he was disadvantaged because the administrative judge "allowed" the agency to be represented by an attorney when he was represented by a nonattorney representative). Indeed, an agency may choose to be represented by an attorney or a nonattorney, at its discretion.[5] *Id.*

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[5] On December 2, 2019, and January 3, 2020, the appellant filed requests for leave to file additional pleadings. PFR File, Tab 7 at 5-6, Tab 10 at 4-5. In her December 2, 2019 request, the appellant neither describes her proffered additional evidence nor explains how the evidence is material to the outcome of her appeal. PFR File, Tab 7 at 5-6; *see* 5 C.F.R. § 1201.114(k). We therefore deny the appellant's December 2, 2019 request. In her January 3, 2020 request, the appellant indicates that she submitted the agency's notice of final decision on her proposed removal to the Board on December 6, 2019, and she explains that she wishes to file a pleading in response to this notice. PFR File, Tab 10 at 4. Insofar as neither the agency's notice of final decision nor the appellant's response thereto is material to the outcome of this appeal, we deny the appellant's January 3, 2020 request for leave. *See* 5 C.F.R. § 1201.114(k). However, as stated, the Office of the Clerk of the Board referred the appellant's December 6, 2019 pleading, which was placed in the record as a reply to the agency's response, to the Washington Regional Office as a potential new appeal. PFR File, Tab 12 at 1.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _Gina K. Grippando_
_____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.